UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Earnest M. Johnson, | ) C/A: 3:11-2594-CMC-JRM |
|                     Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | )      **Partial Summary Dismissal** |
| The City Police of Columbia Dept.; | ) |
| Sgt. Shuler, Douglas A.; | ) |
| Officer Chatara, K.C., | ) |
|                     Defendants. | ) |

The Plaintiff, Mr. Ernest M. Johnson, is a prisoner in the custody of the South Carolina Department of Corrections. Plaintiff, proceeding *pro se*, brings this 42 U.S.C. § 1983 action[1] against Defendants, seeking monetary damages. Plaintiff brings this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

applicable law, the Court concludes that it should be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants The City Police of Columbia Dept. ("CPD")and Sgt. Shuler, Douglas A ("Sgt. Shuler"). The Complaint should be served upon Defendant Officer Chatara, K.C. ("Officer Chatara").

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i),(ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. at 327.

This Court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally

construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). But a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal.

## BACKGROUND

Plaintiff's Complaint alleges that the issues he is litigating are: "false arrest and false imprisonment for 15 months[,] loss of housing and property and job, mental stress." ECF No. 1, p. 2. Plaintiff alleges that, on December 10, 2009, he was falsely accused of failure to stop on police command, disorderly conduct, and resisting arrest, while at 1326 Gregg St, Columbia, SC, 29201. Plaintiff alleges that he was living at that address at the time and had gone there to pay his rent or check on his property, but when he arrived he found that all of his property was missing. When Plaintiff knocked on the door of another resident, Lingard Malbernado, who lived at the same address, he was told that the landlord did not want him living there anymore, and the police were called. Plaintiff alleges that Officer Chatara came to the scene and would not listen to Plaintiff, but

spoke to Malbernado and to a person on a cell phone whom Plaintiff assumed to be the landlord. After talking on the phone, Officer Chatara told Plaintiff that he had to leave, which Plaintiff did. Plaintiff alleges "these charges w[ere] dismissed in city court." *See* ECF No. 1, p. 3. Plaintiff alleges that, later on the same date, he was accused of "attempt[ed] assault on a police officer," "which never took place." ECF No. 1, p. 4. Plaintiff alleges that, when he was asked to leave 1326 Gregg Street, he went across the street, but Officer Chatara told him that he had to go down the block, so he did. Plaintiff alleges that he went to the probation office to check on a friend, Arnie Archer, and when Plaintiff came out of the office:

> the police car with Officer Chatara K.C. was passing me, he turn[ed] back around and came after me as I was walking up the street and tr[ied] to hit me with the police car. I dove into Palmetto Dentist lawn on the same block of 1326 Gregg St and I was arrested. This charge was also drop[ped] in General Sessions Court[]."

ECF No. 1, p. 4. In the relief section of the complaint Plaintiff states "I am su[]ing for $500,000 the City Police Dept. of Columbia regarding the actions of Sgt. Shuler Douglas A. and Officer Chatara K.C. ECF No. 1, p. 5.

## DISCUSSION

Defendant CPD is a division of a municipality. Under *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 694 (1978), a municipality may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Where the alleged policy or custom is a failure on the part of the municipality to adequately train, supervise, or discipline its police officers, liability may be established only where the city's failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *See City of Canton v. Harris*, 489 U.S. 378, 388

(1989); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971-72 (3d Cir. 1996) (citing cases). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to "identify a municipal 'policy,' or 'custom' that caused [plaintiff's] injury." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell*, 436 U.S. at 694).

Plaintiff alleges that Defendant Officer Chatara, an officer of the CPD, on December 10, 2009, "falsely accused [Plaintiff] of failure to stop on police command, disorderly conduct, and resisting arrest" and, later that same day, "tr[ied] to hit [Plaintiff] with the police car" and caused Plaintiff to "d[i]ve into [the] Palmetto Dentist lawn on the same block of 1326 Gregg St and [Plaintiff] was arrested." ECF No. 1, p. 3-4. Such allegations may state a cognizable claim under § 1983 as Defendant Officer Chatara. However, Plaintiff makes no allegations that Officer Chatara's alleged wrongful actions were in furtherance of any policy, custom, or practice of the CPD. Plaintiff's Complaint does not allege that the CPD maintains a policy or custom that its officers should engage in false arrests, assaults, or the use of excessive force, or that it condones such conduct by its officers. There is no allegation by Plaintiff that the CPD negligently hired, trained, supervised, or disciplined Officer Chatara in such a manner as to show deliberate indifference to the rights of persons with whom this police officer comes into contact. "The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action." *See Monell*, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir.1982).

Plaintiff has not alleged that the CPD was aware of the alleged actions of Officer Chatara and that the CPD was deliberately indifferent to those actions. Therefore, Plaintiff fails to plead a viable *Monell* claim against the CPD. *See Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)).

Plaintiff's Complaint is also subject to partial summary dismissal as to Defendants CPD, and Sgt. Shuler, because there are no allegations of any kind, much less of wrongdoing, contained in the Complaint against these Defendants. Under 28 U.S.C. § 1915(e)(2)(B)(I) and (ii), this Court should dismiss an action which is "frivolous or malicious," or "fails to state a claim on which relief may be granted." Since there are no allegations whatsoever of any wrongdoing on the part of the CPD and Sgt. Shuler, Plaintiff's Complaint not only fails to state a claim against the CPD and Sgt. Shuler on which relief can be granted by this Court, it is "frivolous" as to these Defendants. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 n.2 (4th Cir. 1990) (dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee Cnty.*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003).

## RECOMMENDATION

Accordingly, the Court recommends that the Complaint be partially dismissed as to Defendant The City Police of Columbia Department and Defendant Sgt. Shuler, Douglas A., without

prejudice and without issuance and service of process.

    Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey  
United States Magistrate Judge

October 11, 2011  
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).